UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL BENITO MONTES,<br><br>　　　　Petitioner,<br><br>vs.<br><br>R. GROUNDS, Warden,<br><br>　　　　Respondent. | CASE NO. CV 12-7787 AG (RZ)<br><br>ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

　　　　The Court will dismiss the action summarily because Petitioner expressly indicates that none of his claims has been exhausted in the state courts, as is required for habeas relief. *See generally* 28 U.S.C. § 2254(b).

　　　　Generally, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." More specifically, the Ninth Circuit indicates that a district court presented with an entirely unexhausted petition may, or even must, dismiss the action. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to

exhaust."), *citing Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (district court is "obliged to dismiss [an entirely unexhausted petition] immediately" once respondent moves for such dismissal).

Here, Petitioner asserts four claims. He admits that he has submitted none of them to the California Supreme Court for a decision, either on direct review or on habeas. Pet. ¶¶ 8(a)(3)-(4), (b)(3)-(4), (c)(3)-(4), (d)(3)-(4). A *Raspberry* dismissal is in order.

Accordingly, the Petition is DISMISSED WITHOUT PREJUDICE.

DATED: Sept 29, 2012

ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE